UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR JOHNSON,

    Plaintiff,                                            Case Number: 96-cv-74996

v.

                                                        DISTRICT JUDGE DENISE PAGE HOOD
JAMES FREEBURN                                MAGISTRATE JUDGE STEVEN D. PEPE

    Defendant.
_____

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTIONS UNDER RULE 60(B)(4) (DKT #164 &165)**

On September 25, 2008, Plaintiff filed two motions under Rule 60(b)(4) to vacate the judgment in his case (Dkt. #164 & #165). Plaintiff's motions are essentially identical. These motions have been referred for Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) (Dkt. #166). For the reasons indicated below, **IT IS RECOMMENDED** that Plaintiff's motions be **DENIED.**

**I.    BACKGROUND**

Plaintiff is an inmate in the custody of the Michigan Department of Corrections. He filed this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights. *Johnson v. Freeburn*, 29 F. Supp. 2d 764, 766 (E.D. Mich. 1998).

Plaintiff has alleged that on August 28, 1995, Defendant Freeburn threatened his life.

> Later the same day, Plaintiff was standing in front of RUM Beckwith's office, informing her of this threat by Freeburn and asking her to transfer him to another unit. Plaintiff alleges that the complaint to RUM Beckwith was made in defendant Freeburn's presence. In response, defendant Freeburn allegedly retaliated against plaintiff by (1) calling the gun tower officer, telling him that plaintiff refused to go back to his cell and instructing the officer to shoot plaintiff if he moved, and (2)

> having plaintiff wrongfully placed in administrative segregation for four days for refusing to lock in.

*Id.* After three Motions to Dismiss Plaintiff's Complaint were filed, the case proceeded to trial on the sole surviving claim of retaliation against Defendant Freeburn. It was determined that Plaintiff "had stated a claim of retaliation against Defendant Freeburn under the *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988), standard because (l) Plaintiff alleged that he engaged in conduct — seeking redress of grievances – that is protected by the First Amendment; and (2) Defendant Freeburn engaged in retaliatory conduct sufficiently grievous to constitute an egregious abuse of authority or shock the judicial conscience" (Report and Recommendation, dated August 28, 1997, Dkt. # 24, pp. 17-18).

The case proceeded to trial July 13, 17-19, & 24, 2001. After closing argument and instructions, the jury was given special interrogatories. It answered "yes," to the first question on the verdict form (question 1), which asked:

> Did Defendant Freeburn threaten to have Plaintiff Johnson's "black ass killed" and did Plaintiff then threaten to report that Defendant Freeburn had made this threat on the morning of August 28, 1995; later, did Plaintiff Johnson seek to report this incident to the counselor at which time did Defendant Freeburn state, "If he moves, shoot him"?

Plaintiff's counsel did not request that on the facts of this case, if the jury answered "yes" to this first interrogatory, that it be instructed as a matter of law that such actions of Defendant Freeburn did constitute an egregious abuse of his power and did shock the conscience. Without such a request, the following question was submitted to the jury:

> Do you find that Defendant Freeburn's action "shocks the conscience" or was an "egregious abuse of government power"?

The jury answered "no" to this question, which was a necessary finding for a prisoner's retaliation claim at that time, as noted above. The answer "no" on the verdict form indicated that the jury's verdict was for Defendant. Accordingly, a verdict was entered for Defendant on July 20, 2001, and judgment was entered on July 24, 2001. Plaintiff filed motions for reconsideration and for a new trial, which were denied in an order issued on December 14, 2001 (Dkt. # 135).

Plaintiff, now acting pro se, also filed an appeal with the Sixth Circuit which was dismissed for failure to file a transcript (Dkt. # 143), 2002 WL 857710 . Plaintiff subsequently filed a petition for rehearing with the Sixth Circuit which was also denied. Plaintiff filed Petition for Writ of Certiorari to the United States Supreme Court, which was denied,  (Dkt. #151 & #152), *Johnson v. Freeburn,* 537 U.S. 107 (2002).  Plaintiff then filed a September 12, 2003, Motion for Relief from Judgment seeking the reversal of the trial court's decision in this case, which was denied on October 8, 2004 (Dkt. #154 & #162).  Plaintiff has now filed two substantively identical motions seeking to vacate the decision in his case under Fed. R. Civ. Pro. 60(b)(4) (Dkt. #164 & #165).

**II.     ANALYSIS**

    **A.     Legal Standards**

The procedures available to obtain relief from a final judgment are found in Fed. R. Civ. P. 60. "The rule is designed to remove the uncertainties and historical limitations of ancient remedies while preserving all of the various kinds of relief that they afforded." 11 Wright & Miller, *Federal Practice and Procedure* § 2851, at 140 (1973) (hereinafter *Federal Practice*) Time limitations govern the filing of a Rule 60(b) motion, but the rule states generally that "[t]he motion shall be made within a reasonable time." A "reasonable time" under 60(b) means that if a

reason to set aside the judgment is known within the time for filing a notice of appeal, a motion should be brought under Rule 60(b)(1) during that period. *Barrier v. Beaver*, 712 F.2d 231, 234-35 (6th Cir.1983). Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2) or (3) a year after judgment. Fed. R. Civ. P. 60(b); *McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 384 (6th Cir.1991).

Motions under subsections (4), (5) and (6) must also be made within a "reasonable time," which is dependent upon the facts in a case, including length and circumstances of delay in filing, prejudice to opposing party by reason of the delay, and circumstances warranting equitable relief. *Olle v. Henry & Wright Corp*., 910 F.2d 357, 365 (6th Cir. 1990). Yet, the flexible nature of this time frame is not unlimited. And is constrained by the public policy favoring finality of judgments. *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992). The Sixth Circuit has held that a motion filed pursuant to Rule 60(b)(4) and (6) is untimely where more than three years have passed between the time the motion was filed and judgment was entered. *See U.S. v. Dailide*, 316 F.3d 611, 618 (6th Cir. 2003) (four years); *Blachy v. Butcher*, No. 03-2079, 2005 WL 843905, at *5 (6th Cir. Apr.12, 2005) (three years); *Ohio Cas. Ins. Co. v. Pulliam*, No. 96-6522, 1999 WL 455336, at *3-4 (6th Cir. June 23, 1999) (three years). A district court may not extend the time limits imposed by Rule 60(b). See *Smith v. Secretary of Health & Human Servs.,* 776 F.2d 1330, 1332-33 (6th Cir.1985).

Subsection (b)(4) of Rule 60 provides that a court may grant relief from a judgment that is void. For a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court was powerless to enter it. If found at all, voidness usually arises for lack of subject matter jurisdiction or jurisdiction over the parties. It may also arise if the court's action involves a plain

4

usurpation of power or if the court has acted in a manner inconsistent with due process of law. In the interest of finality, however, "the concept of setting aside a judgment on voidness grounds is narrowly restricted." *See*, *Mehdipour v. City of Oklahoma City*, 161 F.3d 18, 1 (6th Cir. 1998). Moreover, "a party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal." *See, In re G.A.D., Inc.*, 340 F.3d 331, 337 (6th Cir. 2003).

### B. Factual Analysis

Plaintiff's motions under Rule 60(b)(4) are untimely filed. The Judgement in this matter was entered on July 24, 2001. Plaintiff's appeal of the Judgement to the Sixth Circuit Court of Appeals was denied. Plaintiff filed a writ of certiorari with the United States Supreme Court, which was denied on December 9, 2002. In an extensive Report and Recommendation of April 24, 2002, Dkt. 141), 2002 WL 1009572, I recommended denial of a Defense motion for costs because the jury verdict was such that its first factual finding could have been argued to direct as a matter of law the second finding that the Defendant's conduct shocked the conscience. Thus, Plaintiff was clearly on notice no later than receipt of that April 24, 2002, Report and Recommendation of legal arguments upon which he could challenge the judgment. This Report and Recommendation was issued well within the one year limit of the July 24, 2001, judgment for the Plaintiff to make a renewed challenge under Fed. R. Civ. P. 60(b)(1).

The present motions were filed on September 25, 2008. More than seven years have lapsed between the entry of the July 24, 2001, Judgment and the present motions filed on September 25, 2008. As noted above, the Sixth Circuit has held that a motion filed pursuant to Rule 60(b)(4) and (6) is untimely where more than three years have passed between the time the motion was filed and judgment was entered. Moreover, Plaintiff has failed to provide the Court

5

with a sufficient reason for his delay in filing the present motions. Unfortunately, lack of counsel is not a sufficient reason. While Plaintiff was clearly wronged by Defendant Freeburn, and had different legal arguments been timely made to this Court a different outcome might have resulted, Plaintiff at this time can be granted no relief and will need to find what small comfort there is in the fact that the jury believed him on the facts and not Defendant Freeburn.[1]

## III.  RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that Plaintiff's motions brought pursuant to Rule 60(b)(4) be **DENIED** (Dkt. #164 & #165). The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this report and recommendation. *Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

---

[1] Even if Plaintiff's motion was not untimely, he would not be entitled to relief because he has presented no facts – other than a possible legal error at trial – that would support a finding under Rule 60(b)(4) that this Court did not have legal authority to enter the judgment in this case.

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections. A party may file a reply brief within 5 days of service of a response. The reply shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.

Dated: August 3, 2009        s/Steven D. Pepe
Ann Arbor, Michigan        United States Magistrate Judge

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Report and Recommendation was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 3, 2009.

       s/Deadrea Eldridge
       Generalist Deputy Clerk